UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CRYSTAL ALCAZAR,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 23-cv-01951-JD<br><br>**ORDER RE REMAND** |

Plaintiff Maria Crystal Alcazar sued Nissan North America in the Superior Court of Alameda County for state law claims arising from the purchase of an allegedly defective vehicle. Dkt. No. 1-2. Nissan removed the case to federal court based on diversity jurisdiction. Dkt. No. 1; 28 U.S.C. § 1441(b). Alcazar has asked for a remand back to state court. Dkt. No. 15. The parties' familiarity with the record is assumed, and a remand is denied.

**DISCUSSION**

Alcazar does not dispute that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are satisfied. Dkt. No. 15 at 1. The remand motion is based solely on the timeliness of the notice of removal, as Alcazar contends that Nissan waited too long to remove the case under 28 U.S.C. § 1446(b). *Id.* Alcazar filed her state court complaint on March 15, 2023, and personally served Nissan on March 16, 2023. Dkt. No. 1-2; Dkt. No. 15-1, Ex. 2. Nissan removed the action to federal court thirty-three days after it was served, on April 21, 2023. Dkt. No. 1.

The rules governing the timing of removal are straightforward. *See Fowler v. Penske Logistics, LLC*, No. 3:17-cv-05397-JD, 2018 WL 2079987, at *1 (N.D. Cal. May 4, 2018); *see also Louis v. Healthsource Global Staffing, Inc.*, No. 22-cv-02436-JD, 2022 WL 4866543, at *3 (N.D. Cal. Oct. 3, 2022). Sections 1446(b)(1) and (b)(3) of the removal statute require "that a

notice of removal be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). The two thirty-day periods "operate as limitations on the right to removal rather than as authorizations to remove," and only apply to "a defendant who is put on notice of removability by a plaintiff." *Id*. at 1123, 1125.

The sole question here is whether Alcazar's complaint gave Nissan sufficient notice of removability to trigger the first thirty-day period. It did not. "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Under the Ninth Circuit's "bright-line approach," the thirty-day clocks start when removability is "revealed affirmatively in the initial pleading" or made "unequivocally clear and certain" by another paper. *Id.* at 695, 697; *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). Consequently, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) (quoting *Roth*, 720 F.3d at 1125); *see also Fowler*, 2018 WL 2079987, at *1 (thirty-day removal periods not triggered when "defendant would have had to review its records in order to calculate potential damages" because "[c]ircuit precedent makes clear that such reviews are not required by the removal statute") (internal quotations omitted).

Alcazar's complaint did not "affirmatively" reveal that the $75,000 minimum amount-in-controversy requirement for diversity jurisdiction was met. *Harris*, 425 F.3d at 695. The complaint seeks restitution of the amounts paid by Alcazar and the amounts owed, as well as civil penalties and attorneys' fees under the California Song-Beverly Consumer Warranty Act. Dkt. No. 1-2. Alcazar checked a box on the civil cover sheet to indicate that the "[a]mount demanded exceeds $25,000." *Id.* at ECF p. 34. But the problem for Alcazar is that the complaint does not allege the sales price of the vehicle or otherwise specify the amount of damages she seeks. *See generally id.* Without that information, the complaint on its face does not affirmatively establish

2

that the amount in controversy "exceeds" $75,000, even including the penalties that Alcazar might be entitled to under the Song-Beverly Act. *See* 28 U.S.C. § 1332(a). Alcazar argues that Nissan's "sophistication and knowledge of the motor vehicle industry" should have put it on notice that the amount-in-controversy requirement was met, *see* Dkt. No. 15 at 8, but removability is determined from the pleadings and not the defendant's subjective knowledge, *see Harris*, 425 F.3d at 694.

The record shows that the thirty-day removal clock properly started on April 13, 2023, when Nissan obtained a copy of Alcazar's vehicle sales contract which revealed that she paid approximately $40,487.28 for her vehicle. Dkt. No. 1-1 ¶¶ 11-13. Because Alcazar might be entitled to a civil penalty equaling twice the amount of her actual damages under the Song-Beverly Act if she proves that Nissan acted willfully, she could theoretically recover an additional $80,974.56 plus attorneys' fees. Cal. Civ. Code § 1794. Nissan promptly filed a notice of removal eight days after it obtained the sales contract. Dkt. No. 1. Consequently, removal was timely under Section 1446(b)(3). The motion for remand is denied.

**IT IS SO ORDERED.**

Dated: July 24, 2023

JAMES DONATO
United States District Judge